[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In Count 3 of the complaint the plaintiff asserts he was terminated from his employment in retaliation for informing the parent corporation of the defendant corporation about alleged improprieties concerning the defendant corporation's storage and disposal of hazardous and toxic waste. The plaintiff claims this conduct infringed on his right of free speech in violation of Section 31-51q of the General Statutes.
This motion to strike is aimed at Count 3 and claims that it does not set forth allegations upon which relief can be granted.
The defendant argues that the alleged speech in this case occurred on the defendant employer's private property and state and federal constitutional free speech provisions only protect against infringement by state action.
The defendant can properly make its claim through a motion to strike since it challenges the legal sufficiency of the allegations. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
Since the plaintiff makes his claim under Section31-51q the language of the statute should be referred to:
 Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity CT Page 1540 does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages, if the court determines that such action for damages was brought without substantial justification, the court may award costs and reasonable attorney's fees to the employer.
As noted, the defendant makes the irrefutable argument that the federal constitutions free speech provision only protects an individual against state action. Our Supreme Court in Cologne v. West Farms Assoc., 192 Conn. 48, 62
(1984) also held that the free speech provisions of the state constitution only protect against infringement by state action. The defendant cites Monahan v. Bausch, CV91-020862S, 9/11/91 (Fairfield JD) which repeated this well established law, citing Kramer v. BCC Rescue Squad,599 F. Sup. 770, 772 (1984) and Central Hardware Co. v. NLRB) 407 U.S. 539, 547 (1972), in deciding that an action did not lie under 31-51q against a private employer, which the defendant clearly is.
All of this law is largely irrelevant to the issue before the court. The question is not whether a plaintiff can sue a private party for infringement of state and federal free speech constitutional rights but whether a state by statute can confer on an individual the right to sue a private party for the same type of infringements that it would be illegal for the state or federal governments to engage in. The answer is why not — the state in passing a statute like 31-51q is not per se extending the ambit of the state or federal constitution but in effect using those documents and the case law interpreting the constitutional provisions for the purpose of defining the scope or ambit of rights created by a statute meant to provide a cause of action against private parties.
There is nothing analytically impossible about the courts enforcing such a legislative venture if that was the intention of the statute. In Amalgamated Food Employees Union v. Logan Valley Plaza, 391 U.S. 308 (1968) and March v. CT Page 1541 Alabama, 326 U.S. 501 (1946) constitutional provisions were applied against private parties that in their control of their property and the individuals who frequented it had assumed the role of government. These cases stand for different propositions than those that arise in this case and rest on factual bases having nothing to do with anything before this court. However, they do illustrate the proposition that where for the reasons cited by those cases constitutional provisions can apply to private persons they may do so. There is no reason the legislature cannot make the same determination acting through statute on a basis not rooted in constitutional requirements.
The question remains whether the legislature intended to grant an individual a right to sue a private employer under the statute in question. A simple reading of the statute indicates it did so intend. When a statute's words are unambiguous a court should not look for interpretive guidance but assume the legislature's intent was expressed in the words, Norwich v. Housing Authority, 216 Conn. 112,117 (1990). The statute by its own terms applies to:
 "Any employer, including the state and instrumentality or political subdivision thereof." . . . (emphasis added)
Clearly the employer universe referred to by this language is greater than that encompassed by government employers whether state or local. If that were not the case why use the word any or the word including.
In any event the legislative history indicates that the legislature did intend to create a cause of action against employers for infringement of employee speech.
To allay any fears about the possibly broad reach of this act the statutory language should be referred to which states that speech activity is not protected under the act if it "substantially or materially interfere(s) with the employee's bona fide job performance or the working relationship between the employee and employer." If speech activity occurs on the employer's premises, it is more likely that such defenses would arise. But that has nothing to do with whether Section 31-51q provides a cause of action in the first place to an employee and is not CT Page 1542 raised by the motion to strike.
For the foregoing reasons the motion to strike is denied.
Corradino, J.